UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDDIE HOUSTON, JR.,<br><br>Defendant. | No. 2:07-cr-00109-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Eddie Houston, Jr.'s ("Defendant") Motion to Reduce Sentence Pursuant to § 404 of the First Step Act. (ECF No. 89.) The Government filed an opposition. (ECF No. 92.) Defendant filed a reply. (ECF No. 93.) After carefully considering the parties' arguments and for the reasons set forth below, the Court DENIES Defendant's motion.

///

///

///

///

///

///

///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 3, 2008, Defendant pleaded guilty to count one of a superseding indictment. (ECF No. 64.) Count one charged conspiracy to possess with intent to distribute at least 50 grams of cocaine base, to possess with intent to distribute at least 500 grams of cocaine, and to manufacture at least 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. (ECF No. 20 at 1–2.)

The presentence report ("PSR") concluded that Defendant's base offense level was 36 pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1 because Defendant was responsible for 2,831.69 grams of cocaine base and 750.3 grams of cocaine, resulting in an equivalent of 56,783.83 kilograms of marijuana.[1] (ECF No. 89 at 5.) The PSR added two levels for Defendant's role in the offense and subtracted three levels based on Defendant's acceptance of responsibility. (*Id.*) Accordingly, Defendant's total offense level was 35. (*Id.*) Defendant's criminal history category was four, resulting in an applicable guideline range of 235 to 293 months. (*Id.*) On August 4, 2008, the Court sentenced Defendant to 200 months of imprisonment and 120 months of supervised release. (ECF No. 79.)

On November 2, 2015, the parties filed a stipulation to reduce Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) because Amendment 782, 79 Fed. Reg. 44,973, retroactively lowered Defendant's applicable guideline range. (ECF No. 83.) According to the parties, Amendment 782 worked to reduce Defendant's total offense level by two levels, to 33, which established an amended guideline range of 188 to 235 months. (ECF No. 83 at 2.) The parties recommended Defendant's term of imprisonment be reduced to 188 months, the low end of the amended guideline range. (*Id.*) On November 10, 2015, the Court adopted the recommendation and reduced Defendant's sentence to 188 months. (ECF No. 85.)

Defendant filed the instant motion over four years later, on November 25, 2019. (ECF No. 89.) In his motion, Defendant requests that the Court reduce his sentence to 169 months of imprisonment and 48 months of supervised release pursuant to § 404 of the First Step Act, Pub. L. 115-391, 132 Stat. 5194, as well as the Fair Sentencing Act of 2010, Pub. L. 111–220, 124

---

[1] The parties stipulated to these amounts in the plea agreement. (*See* ECF No. 66 at 6.)

Stat. 2372. (*Id.* at 8–9.) The Government filed an opposition on January 1, 2020. (ECF No. 92.) Defendant filed a reply on January 6, 2020. (ECF No. 93.)

**II.    STANDARD OF LAW**

The Fair Sentencing Act established "more lenient" statutory penalty provisions for offenses involving cocaine base. *Dorsey v. United States*, 567 U.S. 260, 264 (2012). More specifically, the Fair Sentencing Act increased the threshold drug amounts for crack trafficking offenses from 5 grams to 28 grams in respect to the 5 to 40-year penalty range and from 50 grams to 280 grams in respect to the 10-year to life penalty range. *Id.* at 269.

The Fair Sentencing Act was not retroactive, which meant its provisions applied only to offenders who were sentenced on or after its effective date, August 3, 2010. *Dorsey*, 567 U.S. at 281. The First Step Act changed that. "Section 404 of the First Step Act of 2018 makes the Fair Sentencing Act's penalty reductions for crack cocaine retroactive, allowing offenders who were sentenced before August 3, 2010, to move to modify their sentence as if the Fair Sentencing Act had been in effect at the time the crack-cocaine offense was committed." *United States v. Holloway*, No. 07-CR-00344 CW, 2019 WL 3413278, at *2 (N.D. Cal. July 29, 2019); *see* First Step Act § 404(a)–(b).

In order to invoke § 404 of the First Step Act, a defendant's conviction must be a "covered offense." *See* First Step Act § 404(a) ("In this section, the term 'covered offense' means a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010."). If a defendant's conviction is a covered offense, a court "may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act § 404(b).

Under § 404 of the First Step Act, sentence reductions are discretionary. *See id.* (providing that a court "may" impose a reduced sentence). "Nothing in [§ 404] shall be construed to require a court to reduce a sentence pursuant to [that] section." First Step Act § 404(c).

///

///

3

### III. ANALYSIS

Defendant argues that the Fair Sentencing Act modified the statutory penalties for his offense, which triggers his ability to invoke § 404 of the First Step Act and retroactively apply the Fair Sentencing Act. (ECF No. 89 at 7.) Defendant then argues that if the Fair Sentencing Act were in effect when he was sentenced, he would have been subject to a 40-year statutory maximum rather than life. (*Id.*) As such, Defendant contends that the Court should impose a sentence of 169 months of imprisonment and 48 months of supervised release, and he adds that the 18 U.S.C. § 3553(a) factors and his post-conviction record also support such a reduction. (*Id.* at 8–9.) Because the Court finds that Defendant improperly relies on § 404 of the First Step Act, the Court need not and does not reach his remaining arguments.

Section 404 of the First Step Act allows a court to reduce a defendant's sentence "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act § 404(b). The plain language of the statute suggests that the Court may reduce Defendant's sentence to the extent retroactively applying the Fair Sentencing Act would affect his original sentence. Yet Defendant fails to explain how applying the Fair Sentencing Act would lead to his desired 169-month sentence. Defendant argues only that if the Fair Sentencing Act were in effect when he was sentenced, he would have been subject to a 40-year statutory maximum rather than life. (ECF No. 89 at 7); *see* 21 U.S.C. § 841(b)(1)(B) ("[S]uch person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years."). However, it is undisputed that Defendant's 188-month sentence is far from the statutory maximum of either penalty range. Indeed, Defendant's sentence falls closer to the low end of the modified, 5 to 40-year range.

Moreover, although the Fair Sentencing Act changed *statutory* provisions, it did not change relevant *guideline* provisions. Defendant's original total offense level of 35 stems from the considerable amount of drugs involved in his offense: 2,831.69 grams of cocaine base and 750.30 grams of cocaine. (ECF No. 92 at 2.) In 2015, the Court amended Defendant's guideline range down to 188 to 235 months based on Amendment 782, which lowered the applicable guideline range for certain drug amounts. (ECF No. 85.) Defendant spends much of his reply

defending this Court's 2015 sentence reduction and explaining how Amendment 782 affected his guideline range. (ECF No. 93 at 4–5.) In contrast to his thorough argument regarding the effect of Amendment 782, Defendant does not and presumably cannot show that the Fair Sentencing Act has *any* effect on his guideline range.

The thrust of Defendant's argument seems to be that because the Court sentenced him to 200 months when the guideline range was 235 to 293 months, the Court should make a proportional downward shift to 169 months now that the amended guideline range is 188 to 235 months as of 2015. (ECF No. 89 at 9; ECF No. 93 at 5–6.) Defendant emphasizes that the Court could not vary below the amended guideline range in 2015 because of a limitation set forth in U.S.S.G. § 1B1.10(b)(2)(A), but he argues that the limitation does not apply to reductions under § 404 of the First Step Act. (ECF No. 89 at 9.)

Neither § 404 of the First Step Act nor the Fair Sentencing Act support Defendant's argument. Defendant seems to suggest that although the Court could not vary downward when it applied Amendment 782 in 2015, § 404 of the First Step Act provides a loophole that allows the Court to vary downward over four years later. The Court disagrees. The mere fact that the Fair Sentencing Act lowered Defendant's statutory penalty range is not a compelling reason to reduce his sentence further. The Court declines to reduce a well-supported sentence that falls within the modified statutory penalty range and at the low end of the applicable guideline range. For these reasons, the Court DENIES Defendant's motion to reduce his sentence to 169 months of imprisonment.

Regarding Defendant's term of supervised release, the Government does not oppose Defendant's request for a 48-month term of supervised release. (ECF No. 92 at 7.) However, the Government's non-opposition appears to stem from a mistaken belief that Defendant was sentenced to 60 months of supervised release, which was the mandatory minimum term for Defendant's offense in 2008. (*Id.*) In reality, the Court sentenced Defendant to *120 months* of supervised release, which was well above the 60-month mandatory minimum at the time. (ECF No. 80 at 3); *see* 21 U.S.C. § 841(b)(1)(A). If Defendant had been sentenced pursuant to the Fair Sentencing Act, Defendant's statutory minimum term of supervised release would have been 48

months rather than 60 months, but that slight reduction has no effect on Defendant's original sentence of 120 months of supervised relief. *See* 21 U.S.C. § 841(b)(1)(B). The Court chose to sentence Defendant well above the mandatory minimum term of supervised release in 2008, and there is no compelling reason for a reduction at this time. Therefore, the Court also DENIES Defendant's request to reduce his term of supervised release to 48 months.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's Motion for Sentence Reduction. (ECF No. 89.)

THAT IS THE ORDER.

Dated: January 16, 2020

Troy L. Nunley
United States District Judge