UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDDIE HOUSTON, JR.,<br><br>Defendant. | No. 2:07-cr-00109-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Eddie Houston, Jr.'s ("Defendant") Motion to Reduce Sentence Pursuant to § 404 of the First Step Act. (ECF No. 89.) The Court previously denied Defendant's motion (ECF No. 95), and Defendant appealed (ECF No. 96). On appeal, the Ninth Circuit affirmed this Court's order. (ECF Nos. 99, 100.) However, the Supreme Court subsequently granted Defendant's petition for writ of certiorari and vacated and remanded the Ninth Circuit's decision for further consideration based on intervening authority established by *Concepcion v. United States*, 142 S. Ct. 2389 (2022). (ECF No. 101.) In turn, the Ninth Circuit vacated and remanded this Court's decision and instructed the Court to consider the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors raised in Defendant's motion as now required by *Concepcion*. (*Id.*) The Court requested supplemental briefing from the parties on this narrow issue. (ECF No. 103.) Both parties filed supplemental briefs. (ECF Nos. 104, 105.) For the reasons set forth below, the Court GRANTS in part and DENIES in part Defendant's motion. (ECF No. 89.)

I.  **FACTUAL BACKGROUND**

On March 3, 2008, Defendant pleaded guilty to count one of a superseding indictment. (ECF No. 64.) Count one charged conspiracy to possess with intent to distribute at least 50 grams of cocaine base, to possess with intent to distribute at least 500 grams of cocaine, and to manufacture at least 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. (ECF No. 20 at 1–2.)

The presentence report ("PSR") concluded that Defendant's base offense level was 36 pursuant to United States Sentencing Guidelines § 2D1.1 because Defendant was responsible for 2,831.69 grams of cocaine base and 750.3 grams of cocaine, resulting in an equivalent of 56,783.83 kilograms of marijuana.[1] (ECF No. 89 at 5.) The PSR added two levels for Defendant's role in the offense and subtracted three levels based on Defendant's acceptance of responsibility. (*Id.*) Accordingly, Defendant's total offense level was 35. (*Id.*) Defendant's criminal history category was four, resulting in an applicable guideline range of 235 to 293 months. (*Id.*) On August 4, 2008, the Court sentenced Defendant to 200 months of imprisonment and 120 months of supervised release. (ECF No. 79.)

On November 2, 2015, the parties filed a stipulation to reduce Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) because Amendment 782, 79 Fed. Reg. 44,973, retroactively lowered Defendant's applicable guideline range. (ECF No. 83.) According to the parties, Amendment 782 worked to reduce Defendant's total offense level by two levels, to 33, which established an amended guideline range of 188 to 235 months. (ECF No. 83 at 2.) The parties recommended Defendant's term of imprisonment be reduced to 188 months, the low end of the amended guideline range. (*Id.*) On November 10, 2015, the Court adopted the recommendation and reduced Defendant's sentence to 188 months. (ECF No. 85.)

Defendant filed the instant motion over four years later, on November 25, 2019. (ECF No. 89.) In his motion, Defendant requested that the Court reduce his sentence to 169 months of imprisonment and 48 months of supervised release pursuant to § 404 of the First Step Act, Pub.

---

[1] The parties stipulated to these amounts in the plea agreement. (*See* ECF No. 66 at 6.)

L. 115-391, 132 Stat. 5194, as well as the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372. (*Id.* at 8–9.) After the Court's denial of his motion and during his appeal, Defendant was released from custody on July 10, 2020. *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results (last accessed September 9, 2022). In his supplemental briefing, Defendant now requests only that the Court reduce his term of supervised release to time served. (ECF No. 105 at 6.)

## II.   STANDARD OF LAW

The Fair Sentencing Act established "more lenient" statutory penalty provisions for offenses involving cocaine base. *Dorsey v. United States*, 567 U.S. 260, 264 (2012). More specifically, the Fair Sentencing Act increased the threshold drug amounts for crack trafficking offenses from 5 grams to 28 grams with respect to the 5- to 40-year penalty range and from 50 grams to 280 grams with respect to the 10-year to life penalty range. *Id.* at 269.

The Fair Sentencing Act was not retroactive, which meant its provisions applied only to offenders who were sentenced on or after its effective date, August 3, 2010. *Dorsey*, 567 U.S. at 281. The First Step Act changed that. "Section 404 of the First Step Act of 2018 makes the Fair Sentencing Act's penalty reductions for crack cocaine retroactive, allowing offenders who were sentenced before August 3, 2010, to move to modify their sentence as if the Fair Sentencing Act had been in effect at the time the crack-cocaine offense was committed." *United States v. Holloway*, No. 07-CR-00344 CW, 2019 WL 3413278, at *2 (N.D. Cal. July 29, 2019); *see* First Step Act § 404(a)–(b).

To invoke § 404, a defendant's conviction must be a "covered offense." *See* First Step Act § 404(a) ("[T]he term 'covered offense' means a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010."). If a defendant's conviction is a covered offense, a court "may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act § 404(b). Under § 404, sentence reductions are discretionary. *See* First Step Act § 404(c) ("Nothing in [§ 404] shall be construed to require a court to reduce a sentence pursuant to [that] section.").

1    In *Concepcion*, the Supreme Court held: (1) "the First Step Act allows district courts to
2    consider intervening changes of law or fact in exercising their discretion to reduce a sentence";
3    (2) because district courts must "consider nonfrivolous arguments presented by the parties, the
4    First Step Act requires district courts to consider intervening changes when parties raise them";
5    and (3) a court ruling on a First Step Act motion bears the "standard obligation to explain [its]
6    decisions," and accordingly must give a "brief statement of reasons" to "demonstrate that [it]
7    considered the parties' arguments" — including arguments pertaining to intervening changes in
8    law or fact. *United States v. Carter*, 44 F.4th 1227, 2022 WL 3440654, at *2 (9th Cir. 2022).

### III.    ANALYSIS

As a preliminary matter, the Government in its supplemental brief questions whether Defendant is still eligible for relief under § 404 of the First Step Act now that he has been released. (ECF No. 104 at 4.) Other than raise the issue, the Government does not develop its argument in any meaningful way. Defendant does not address how his release affects his eligibility for relief under § 404 in his supplemental brief. (*See* ECF No. 105.) However, the Court notes that Defendant does not renew his request to reduce his term of imprisonment (possibly because such an argument is now moot) and instead only requests a reduction of his term of supervised release to time served. (*Id.* at 6.)

Based on the limited argument before the Court and noting that the Government did not oppose Defendant's initial request to reduce his term of supervised release to 48 months, the Court concludes it can reduce Defendant's term of supervised release under § 404. The text of § 404 describes the Court's ability to reduce a defendant's "sentence" in general terms. *See* First Step Act § 404. A term of supervised release is part of a defendant's sentence. *See* 18 U.S.C. § 3583(a) ("The court, in imposing a sentence to a term of imprisonment . . . , may include *as a part of the sentence* a requirement that the defendant be placed on a term of supervised release after imprisonment . . . .") (emphasis added). Nothing in § 404 expressly limits the Court to only reducing a term of imprisonment or prohibits the Court from reducing a term of supervised

release.[2] *See* First Step Act § 404.  For these reasons, the Court will allow Defendant's motion to proceed under § 404.

The parties agree Defendant's crime of conviction is a "covered offense" under § 404.  (ECF No. 89 at 7; ECF No. 92 at 4–5.)  The only real dispute is whether a sentence reduction is appropriate.  The Court will address the parties' arguments on this issue in turn.

In his motion, Defendant argues the § 3553(a) factors weigh heavily in favor of a sentence reduction.  (ECF No. 89 at 11.)  Defendant argues he was the last of seven children born to his mother, who was addicted to heroin.  (*Id.*)  Defendant argues that his parents separated when he was 12 years old, and his father took custody of him while all his other siblings remained with his mother.  (*Id.*)  Defendant argues that life with his father was bleak, as his father would beat him with race car track strips, a bicycle inner tube, and belts, often leaving welts and bruises on his body for four or five days after the beatings.  (*Id.*)  Defendant argues that he left home at age 16 and ultimately began selling drugs after being pressured by his peers.  (*Id.*)  Lastly, Defendant emphasizes that he has an outstanding postconviction record of rehabilitation based on the following: (1) he has no incident reports since being incarcerated over 12 years ago; (2) he completed his GED and many additional classes; (3) he was elevated to the number one position for his job placement; and (4) he took part in the I.M.P.A.C.T. program, where inmates help to educate troubled youth in the surrounding communities.  (*Id.* at 11–12.)  Defendant also provides a letter to the Court, in which he describes his remorse and the insights he has gained while in custody.  (ECF No. 89-2.)  In addition, Defendant outlines his release plan for a successful reintegration into society.  (*Id.*)

In his supplemental brief, Defendant reiterates many of the same arguments raised in his original motion.  (ECF No. 105.)  Defendant provides letters from many individuals who know Defendant well and attest to Defendant's positive changes since his release.  (ECF Nos. 105-1, 105-2, 105-3, 105-4, 105-5.)  Defendant also provides a personal letter to the Court expressing his

---

[2] The Court also notes that, in the alternative, construing Defendant's request as a motion for modification of supervised release pursuant to 18 U.S.C. § 3583(e) would lead to the same result for the same reasons discussed herein.

remorse, the pride he takes in his volunteer work and employment, and the love he has for his family.  (ECF No. 105-6.)  In sum, Defendant argues "[p]articularly in light of his diminished statistical likelihood of recidivism, exemplary record of rehabilitation, proven compliance with the terms and conditions of supervised release, strong support network, and demonstrated reintegration into society, the [§] 3553(a) factors weigh heavily" in favor of a reduction of his term of supervised release to time served.  (ECF No. 105 at 6.)

In opposition, the Government argues the nature of the offense conduct, the characteristics of Defendant, the need to protect the public from future crimes of Defendant, and the need to support unwarranted sentencing disparities all support a sentence of 188 months.  (ECF No. 104 at 5–6.)  The Government first stresses that the Fair Sentencing Act has no effect on the relevant guideline range.  (*Id.*)  The Government then argues Defendant's leadership of a massive crack and cocaine trafficking operation that involved his own drug-addicted sister and Defendant's well-earned criminal history category IV (which includes a felony conviction for a violent episode that resulted in Defendant's conviction for corporal injury to a spouse/loved one) weigh against granting Defendant a sentence reduction.  (*Id.*)

While many of the Government's arguments are well-taken — particularly its argument that Defendant's sentence still falls squarely within the applicable guidelines range — most of those arguments specifically relate to Defendant's term of imprisonment and are now moot.  In its original opposition, the Government expressed that it did not oppose Defendant's initial request to reduce his term of supervised release to 48 months.  (ECF No. 92 at 8.)  The Government does not address Defendant's term of supervised release in its supplemental briefing.

After further consideration of Defendant's arguments as to the § 3553(a) factors and his postconviction rehabilitation as now required by *Concepion*, the Court concludes a reduction to Defendant's term of supervised release is warranted.  The Court will reduce Defendant's term of supervised release to 24 months, which is 24 months less than his original request and well-supported by the § 3553(a) factors.

///

///

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendant's Motion for Sentence Reduction (ECF No. 89) as follows:

1. Defendant's request to reduce his term of imprisonment is DENIED as moot; and
2. Defendant's request to reduce his term of supervised release is GRANTED and his term of supervised release is REDUCED to a term of 24 months.

IT IS SO ORDERED.

**DATED: September 19, 2022**

Troy L. Nunley
United States District Judge